### 46501. JACKSON v. THE STATE.

EBERHARDT, Judge. This appeal was docketed here June 23, 1971. The enumerations of error, forwarded to this court by regis-

tered mail, were postmarked July 14, 1971, and received July 15, 1971. Under Rule 15 of this court (see 118 Ga. App. 869; *Code Ann.* § 24-3615), effective as to cases docketed before July 1, 1971 (see 122 Ga. App. 885 et seq. for the revised rules effective as to cases docketed on or after July 1, 1971), the enumerations of error are considered filed as of July 14, 1971. Since the enumerations were not filed within the time specified by the rules (20 days), the appeal must be deemed to be unperfected absent an application for extension of the time and a showing of providential cause occurring within the time specified. Rules 13 and 14, this court (113 Ga. App. 889, 118 Ga. App. 869; *Code Ann.* §§ 24-3613, 24-3615). Accordingly the appeal must be dismissed. See, e.g., *Hodges v. State,* 227 Ga. 18 (178 SE2d 858); *Hodges v. Hodges,* 227 Ga. 522 (181 SE2d 851); *Owens v. Smith,* 227 Ga. 525 (181 SE2d 858).

*Appeal dismissed. Hall, P. J., and Whitman, J., concur.*
Submitted September 17, 1971—Decided October 5, 1971.

*Brooks & Brooks, William T. Brooks,* for appellant.
*Paul Walker, Solicitor,* for appellee.

Hall, Presiding Judge, concurring. I concur for the sole reason that this court is bound by the decisions of the Supreme Court of Georgia. *Code Ann.* § 2-3708. While the rules of both appellate courts state that "Failure to file the enumerations of error within the time specified *may* be deemed as a failure to complete the appeal," the decisions of the Supreme Court hold that the appeal *must* be dismissed. This is a non-sequitur. As to my views see Hall, "Civil Procedure—What's It All About?," 6 Ga. State Bar Journal 377; 21 Mercer Law Review 377.